David J. D'Aloia
Phoebe S. Sorial
SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (fax)
Attorneys for Defendant
Sylvester Stallone

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES WEPNER a/k/a CHUCK WEPNER,<br><br>Plaintiffs,<br><br>v.<br><br>SYLVESTER STALONE,<br><br>Defendant. | Civil Action No. 03-6166 (KSH)<br><br>**ORDER FOR ADMISSION**<br>*PRO HAC VICE* |

THIS MATTER having been opened to the Court by Saiber Schlesinger Satz & Goldstein, LLC, attorneys for defendant Sylvester Stallone, for an Order allowing Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. to appear and participate *pro hac vice* in this matter, and the Court having considered the Certification of David J. D'Aloia submitted in support thereof; and counsel for defendant having represented that plaintiff has no objection to the entry of this Order; and for other and good cause having been shown pursuant to L.Civ.R.101.1(c) of the United States District Court for the District of New Jersey;

IT IS on this _____ day of September 2005, hereby

ORDERED, that Martin D. Singer, Esq. and Michael D. Holtz, Esq., members of the bar of the State of California, and Stephen F. Huff, Esq. and Jacob B. Radcliff, Esq. members

{00403177.DOC}

of the bar of the State of New York, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L.Civ.R.101.1(c) of the United States District Court for the District of New Jersey as attorneys for defendant; and it is further

ORDERED that Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. are deemed to consent to the appointment of the Clerk of the Court as agent upon whom service of process against them or their respective firms that may arise out of their participation in this matter; and it is further

ORDERED that Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. shall notify the Court immediately of any matter affecting their standing at the bar of any court where they are admitted to practice; and it is further

ORDERED that all pleadings, briefs and other papers filed with the Court shall be signed by David J. D'Aloia, Esq., or a designated attorney in his office, who is a member in good standing of the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case and who shall enter appearances for the defendant, as well as be held responsible for the conduct of the attorneys admitted *pro hac vice* pursuant to this Order; and it is further

ORDERED that no delay in discovery, motions, trial or any other proceeding shall occur or be requested by reason of the inability of Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. to be in attendance; and it is further

ORDERED, that Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. shall each pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a) for each year they represent defendant in this matter; and it is further

ORDERED, that Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. shall each pay $150.00 to the Clerk of the United States District Court for the District of New Jersey in payment of the fee for admission *pro hac vice* in accordance with L.Civ.R.101.1(c)(3); and it is further

ORDERED, that Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. shall each be bound by the Local Civil Rules of the United States District Court for the District of New Jersey, including, but not limited to, the provisions of L.Civ.R.103.1, *Judicial Ethics and Professional Responsibility*, and L.Civ.R.104.1, *Discipline of Attorneys*; and it is further

ORDERED, Martin D. Singer, Esq., Michael D. Holtz, Esq., Stephen F. Huff, Esq., and Jacob B. Radcliff, Esq. shall each be deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingency fees; and it is further

ORDERED that noncompliance with any of the foregoing provisions of this Order shall constitute grounds for removal of the attorneys admitted *pro hac vice* pursuant to this Order; and it is further

ORDERED that Saiber Schlesinger Satz and Goldstein, LLC shall serve a copy of this Order upon all other parties within _____ days from the date of entry hereof.

_____
HONORABLE PATTY SHWARTZ
UNITED STATES MAGISTRATE JUDGE